UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY STEVEN LEAGUE,

      Plaintiff,

v.                                                    Case No.:  2:20-cv-650-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

                                 /

### ORDER[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R") (Doc. 22).  Judge Mizell recommends affirming the decision to deny Social Security benefits for Plaintiff Timothy League.  League objects to the R&R (Doc. 24), to which Defendant Commissioner of Social Security did not respond.  The R&R is ripe for review.

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

specifically objects to an R&R, the district court engages in a de novo review of the issues raised.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Because this Order is for the parties (who are familiar with the case), the Court only discusses what is necessary to explain the decision.  League makes these three objections.

## A.  Objection 1

To start, League reargues the RFC assessment and VE testimony preclude all work.  Not so.  As the R&R explained, it is not necessarily reversible error when an ALJ fails to specify the frequency of a sit/stand limitation.  *E.g.*, *Owens v. Kijakazi*, No. 4:20-cv-351-GMB, 2021 WL 4310984, at *5 (N.D. Ala. Sept. 22, 2021).  The ALJ rejected League's testimony on a ten-minute sit/stand limitation by citing record evidence (and lack of it).  So the R&R did not error by deciphering the "reasonable implication" of the ALJ's hypothetical.  *Williams v. Barnhart*, 140 F. App'x 932, 936-37 (11th Cir. 2005).

Relatedly, the Court will not consider League's argument about ten-minute ratio not applying to the interval between ten and thirty minutes because he failed to argue that before Judge Mizell.  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Even leaving that aside, the answer would be the same.  The RFC found League could stand or sit for six hours each day. The later finding that League must be able to alternate sitting and standing is not contradictory.  Nor is it inconsistent with the ALJ's implication that

League could alternate standing and sitting as needed, but no more than every thirty minutes.

## B.  Objection 2

Next, League contends the ALJ did not pose a complete hypothetical to the VE.  Specifically, the ALJ mostly accepted agency medical opinions, but never addressed exposure to certain hazards.  The medical opinions said League must avoid "even moderate exposure to hazards." (Doc. 19-3 at 8, 22). But the RFC and ALJ hypothetical contemplated League avoiding "constant exposure." (Doc. 19-2 at 28, 76).  So League says the ALJ used a hypothetical holding him to a higher limitation standard.  Because League waived argument on two dispositive matters, no other discussion is needed.

First, as the R&R explained, League waived the entire argument that the RFC and hypothetical conflicted with the screwdriver operator job by failing to develop the argument.  (Doc. 22 at 14).  As the R&R discussed, the DOT is not a one-to-one match for the hypotheticals ALJs ask VEs about environmental hazards.  (Doc. 22 at 12-14).  Where relevant, the screwdriver operator job describes "Occasional" hazards.  (Doc. 19-6 at 106).  Yet League completely failed to develop argument in the Joint Memo on how that conflicted with avoiding even moderate exposure.

League's only response to the waiver recommendation is his contention that an incomplete hypothetical is per se reversible error because the ALJ

relied on the VE, not the DOT—implying his failure to develop the argument doesn't matter. (Doc. 24 at 6). The Court disagrees.

An incomplete hypothetical is not per se reversible error; it is capable of harmless error review. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).[2] And the burden is on League to show harmfulness. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2005) ("Consequently, the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Keel v. Saul*, 986 F.3d 551, 557 (5th Cir. 2021). The single case League relies on is not to the contrary. *Dial v. Comm'r of Soc. Sec'y*, 403 F. App'x 420 (11th Cir. 2010). *Dial* could not conclude an error was harmless because the ALJ relied "only on the testimony of the VE," without relying on the DOT. *Id.* at 421. Here, the ALJ specifically relied on the DOT—finding it was "consistent with" the VE's testimony. (Doc. 19-2 at 34).[3] So the Court agrees with the R&R that League waived this challenge.

---

[2] *See also Edgecomb v. Comm'r of Soc. Sec'y*, 841 F. App'x 142, 145-46 (11th Cir. 2020); *Markuske v. Comm'r of Soc. Sec'y*, 572 F. App'x 762, 767-68 (11th Cir. 2014); *Carter v. Comm'r of Soc. Sec'y*, 411 F. App'x 295, 298 (11th Cir. 2011); *Brummitt v. Comm'r of Soc. Sec'y*, No. 6:20-cv-403-RBD-LRH, 2021 WL 2077644, at *6 (M.D. Fla. May 4, 2021), *report and recommendation adopted*, 2021 WL 2073566 (May 24, 2021); *Wright v. Colvin*, No. CA 14-00575-C, 2016 WL 1558466, at *13 (S.D. Ala. Apr. 15, 2016); *see also Bacon v. Comm'r of Soc. Sec'y*, 861 F. App'x 315, 318-19 (11th Cir. 2021).

[3] *See also Hedge v. Comm's of Soc. Sec'y*, 530 F. Supp. 3d 1083, 1096-97 (M.D. Fla. 2021) (distinguishing *Dial* for same reason); *Jackson v. Colvin*, No. 5:12-0794-KOB, 2014 WL 896628, at *10 n.12 (N.D. Ala. Mar. 6, 2014) (same); *Schryvers v. Berryhill*, No. 2:18-cv-38-WC, 2019 WL 1434663, at *5 (M.D. Ala. Mar. 29, 2019) (same).

And second, even if he did not, League waived the new arguments he makes as objections. In the Joint Memo, the Commissioner said regardless of the dispute on the RFC and hypothetical, any error was harmless because the routing clerk job was available with no hazards. (Doc. 21 at 28). Within his portion of the Joint Memo, League did not address that argument. (Doc. 21 at 19-22). Nor did he seek leave to reply on this point. *See* (Doc. 20 at 3 n.2). Rather, League left the issue unrebutted until objecting to the R&R. Now, League relies on an Eleventh Circuit case, contending the ALJ committed reversible error as there was no finding the routing clerk job (on its own) had a significant number of jobs in the national economy. *Viverette v. Comm'r of Soc. Sec'y,* 13 F.4th 1309 (11th Cir. 2021). But *Viverette* doesn't change the Court's waiver finding.

Middle District judges hold—time and again—parties waive issues not addressed in joint memos. *E.g., Stewart v. Comm'r of Soc. Sec'y*, No. 6:19-cv-413-Orl-LRH, 2020 WL 3205483, at *6 (M.D. Fla. June 15, 2020) ("Claimant does not challenge this credibility determination in the joint memorandum, and therefore, has waived any argument that the ALJ erred in this regard.").[4]

---

[4] *See also Mallory v. Comm'r of Soc. Sec'y*, No. 6:17-cv-1524-Orl-DCI, 2019 WL 2103692, at *1 (M.D. Fla. Feb. 21, 2019); *Jimenez v. Comm'r of Soc. Sec'y*, No. 6:20-cv-1378-DCI, 2021 WL 4502797, at *4 & n.4 (M.D. Fla. Oct. 1, 2021); *Provost v. Comm'r of Soc. Sec'y*, No. 6:18-cv-885-Orl-DCI, 2019 WL 2744554, at *3 & n.2 (M.D. Fla. July 1, 2019); *Balatbat-Light v. Comm'r of Soc. Sec'y*, No. 6:16-cv-549-Orl-GJK, 2017 WL 1409739, at *3 n.5 (M.D. Fla. Apr. 20, 2017); *Thomas v. Comm'r of Soc. Sec'y*, No. 6:15-cv-267-Orl-KRS, 2016 WL 7438051, at

League has experienced counsel.  Still, he failed to address harmlessness or even challenge the ALJ's finding on whether significant numbers of jobs existed in the national economy.[5]  What's more, League now relies on *Viverette*. Yet he neither filed the case as supplemental authority nor sought additional briefing on the issue despite having months to do so.

Again, this Court will not exercise its discretion to consider arguments not presented to Judge Mizell.  *McNeil*, 557 F.3d at 1292.  The Court doesn't refer matters merely to allow parties a first crack at refining their argument:

> Because the magistrate judge system was created to help alleviate the workload of the district judges, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.

*E.g.*, *id.* at 1291-92 (cleaned up).  Because League did not try to challenge this issue before objecting to the R&R, the Court—in its discretion—considers the matter waived.  *See, e.g.*, *Reilly v. Comm'r of Soc. Sec'y*, No. 2:19-cv-917-SPC-

---

*5 n.3 (M.D. Fla. Feb. 12, 2016); *Axtell v. Comm'r of Soc. Sec'y*, No. 6:20-cv-2008-LHP, 2022 WL 281105, at *4 n.7 (M.D. Fla. Jan. 31, 2022).

[5] League's only challenge to this finding related to the sit/stand issue—not the environmental limitations.

MRM, 2021 WL 638715, at \*1 (M.D. Fla. Feb. 18, 2021) (refusing to consider

argument raised for first time as objection).[6]

Given those waivers, the ALJ's hypothetical phrasing here is irrelevant

because any error was harmless—as the R&R concluded.

## C.  Objection 3

Finally, League says an MRI and x-ray were evidence that should have

been considered.  This is not an objection.  League merely reargues what Judge

Mizell already considered:

> It is well settled that an objecting party may not
> submit papers to a district court which are nothing
> more than a rehashing of the same arguments and
> positions taken in the original papers submitted to the
> Magistrate Judge.   Clearly, parties are not to be
> afforded a second bite at the apple when they file
> objections to a Report.

*E.g.*, *Espaillat v. Saul*, No. 19-cv-61703-BLOOM/Valle, 2020 WL 5087030, at

\*2 (S.D. Fla. Aug. 28, 2020) (cleaned up).  All the same, the Court agrees with

the R&R without elaboration.

For those reasons, the Court overrules the objections and accepts the

well-reasoned R&R in full.

Accordingly, it is now

---

[6] *See also* *Pineda v. Comm'r of Soc. Sec'y*, No. 6:18-cv-1569-Orl-41DCI, 2020 WL 1430697, at \*3-4 (M.D. Fla. Mar. 24, 2020) (same); *Boyer v. Colvin*, No. 14-62625-Civ-Scola, 2015 WL 12516633, at \*1 (S.D. Fla. Nov. 23, 2015) (same).

**ORDERED:**

1. Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 24) are **OVERRULED**.

2. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 22) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

3. The Commissioner of Social Security's decision is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8